**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113104

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joanne Pacheco, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AFNI, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS-ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Joanne Pacheco (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against AFNI, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Houston, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" for purposes of 15 U.S.C. § 1692a(5).

11. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

12. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by letter dated November 17, 2016. ("Exhibit 1.")

13. Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

14. As set forth in the following Counts, Defendant's letter violated the FDCPA.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

15. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

16. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

17. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

18. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

19. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

20. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

21. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

22. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

23. Defendant's letter fails to explicitly identify the name of the creditor to whom the alleged debt is owed.

24. Defendant's identifies a "creditor" of "Sprint."

25. There is no entity named "Sprint" registered with the New York State Department of State, Division of Corporations.

26. There are more than one hundred (100) disparate entities registered in New York that begin their legal name with "Sprint."

27. The least sophisticated consumer would likely be confused as to which of the more than one hundred (100) disparate entities registered in New York that begin their legal name with "Sprint" is the alleged creditor to whom the debt is owed.

28. The least sophisticated consumer would likely be uncertain as to which of the more than one hundred (100) disparate entities registered in New York that begin their legal name with "Sprint" is the alleged creditor to whom the debt is owed.

29. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

30. Defendant failed to clearly state the name of the creditor to whom the debt is

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

owed.

31. Because of these failures, the least sophisticated consumer would likely be confused as to the identity of the creditor to whom the debt is allegedly owed.

32. Because of these failures, the least sophisticated consumer would likely be uncertain as to the identity of the creditor to whom the debt is allegedly owed.

33. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

37. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

38. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

39. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

40. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described in the First Count, it is deceptive within the meaning of 15 U.S.C. § 1692e.

41. Defendant's designation of "Sprint" as Plaintiff's "Creditor" is false.

42. Plaintiff does not owe "Sprint."

43. Plaintiff does not owe any money to any entity named "Sprint."

44. The least sophisticated consumer would likely be deceived by Defendant's conduct.

45. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

46. A statement that a consumer owes money that it does not actually owe is a materially false statement.

47. The identity of the creditor to whom a debt is allegedly owed is material piece of information.

48. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

51. The written notice must contain the amount of the debt.

52. The written notice must contain the name of the creditor to whom the debt is owed.

53. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

54. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

55. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

57. Even if a debt collector conveys the required information accurately, the debt

5

collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

58. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

59. The Letter states, "[w]e may report information about your account to credit bureaus."

60. The least sophisticated consumer would likely interpret the language concerning credit reporting to mean that unless payment is immediately remitted, her credit will be damaged.

61. The least sophisticated consumer would likely interpret the language concerning credit reporting to mean that even if she exercises her validation rights, information concerning the debt will nevertheless be reported to credit bureaus.

62. The least sophisticated consumer, upon reading that her account information may be reported to credit bureaus, would likely be inclined to remit payment regardless of whether she believes the debt is valid.

63. The least sophisticated consumer, upon reading that her account information may be reported to credit bureaus, would likely be inclined to remit immediate payment in order to avoid damage to her credit.

64. The least sophisticated consumer, upon reading that her account information may reported to credit bureaus, would likely be discouraged from exercising her validation rights.

65. Defendant has represented to Plaintiff that it may report Plaintiff's account information to credit bureaus without explaining that such representation does not override the Plaintiff's right to demand validation of the debt.

66. Defendant's representation that it may report Plaintiff's account information to credit bureaus would likely make the least sophisticated consumer uncertain as to her rights.

67. Defendant's representation that it may report Plaintiff's account information would likely make the least sophisticated consumer confused as to her rights.

68. Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

6

## CLASS ALLEGATIONS

69. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt, while stating that in may report information concerning such debt to credit bureaus, from one year before the date of this Complaint to the present.

70. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

71. Defendant regularly engages in debt collection.

72. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts, while stating that it may report information concerning such debts to credit bureaus.

73. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

74. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

75. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

76. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: November 17, 2017

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113104

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530